IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TROELLA A. TYZNIK | * | |
| Plaintiff | * | CASE NO.: WDQ 02-2831 |
| v. | * | |
| FREDERICK NELSON III | * | |
| Defendant | | |

\* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

NOW COMES the Defendant Frederick Nelson III by and through his attorney, Edward P. Murphy of Allewalt & Murphy, P.A., and files this Motion for Summary Judgement pursuant to Rule 56 of the Federal Rules of Civil Procedure and in support thereof states:

1. As is more fully set forth in the complaint, interrogatory answers and deposition transcripts on file in this case, there is no genuine dispute as to any material fact and defendant is entitled to judgment as a matter of law.

2. The defendant incorporates by reference the Memorandum in Support of his Motion for Summary Judgment as if it were fully set forth herein.

WHEREFORE, the defendant respectfully preys that this Honorable Court grant his motion for summary judgment.

Respectfully Submitted,

_Edward P. Murphy_
Edward P. Murphy, Trial Bar No. 751
Allewalt & Murphy, P.A
305 West Pennsylvania Avenue
Towson, Maryland 21204
(410) 296-7180
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TROELLA A. TYZNIK | * | |
| Plaintiff | * | CASE NO.: WDQ 02-2831 |
| V. | * | |
| FREDERICK NELSON III | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPORT OF DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

NOW COMES the Defendant Frederick Nelson III by and through his attorney, Edward P. Murphy of Allewalt & Murphy, P.A., and submits this Memorandum of Law in support of Defendant's Motion for Summary Judgement.

### Statement of the Case

This case arises from an automobile accident involving an automobile, operated by the Defendant, and a bicycle, operated by the Plaintiff. The Plaintiff alleges in her complaint that the Defendant was negligently operating his automobile, and as a result, collided with the Plaintiff's bicycle thereby causing the Plaintiff to sustain injuries.

### Statement of Material Facts
### as to Which There Can Be No Genuine Dispute

1. It is undisputed that the accident occurred at the intersection of Crisfield Highway and Mariners Road. There can be no dispute that at this intersection, Crisfield Highway is a four-lane roadway that has a grass median separating the two northbound lanes of traffic from the two southbound lanes.

2. There can be no dispute that access to eastbound Mariners Road is limited exclusively and dedicated entirely to **traffic traveling northbound on Crisfield Highway**. Traffic from the right lane of northbound Crisfield Highway is permitted to turn right onto eastbound Mariners Road without stopping or yielding right of way.

3. There can be no dispute that the presence of the grass median prevents any and all vehicular access to Mariners Road from the southbound lanes of Crisfield Highway. Traffic on southbound Crisfield Highway desiring access to Mariners Road must make a U-turn at an intersection approximately one block south of Mariner Road, then proceed northbound on Crisfield Highway **in the right lane** whereupon such traffic may proceed safely and lawfully onto eastbound Mariners Road

4. There can be no dispute that immediately north of its intersection with Mariners Road, Crisfield Highway becomes a two-lane roadway separated by a shared left-hand turn lane. The two lanes of northbound Crisfield Road begin to merge together at the intersection with Mariners Road and that merge continues some distance past Mariners Road.

5. There can be no dispute that at its intersection with Mariners Road, Crisfield Highway is clearly marked permitting 'one way' northbound traffic only.

6. It is not disputed that the Plaintiff was operating her bicycle traveling southbound on northbound Crisfield Highway (see pages 10 through 13 of plaintiff's deposition attached hereto and marked as exhibit A). As such, the Plaintiff was travelling directly against and toward oncoming vehicular traffic. By the Plaintiff's own admission, and it is undisputed by the Defendant, she had been travelling against traffic for a distance and crossed directly in front of the defendant's vehicle in an attempt to access eastbound Mariners Road.

7. By the plaintiff's own admission, and it is undisputed by the defendant, the Plaintiff observed that the Defendant was stopped at the intersection of Mariners Road and Crisfield Highway attempting to make a right hand turn onto northbound Crisfield Highway. The Plaintiff noted that "the Defendant did not see her coming toward him", (see exhibit A pages 11, 12 and 13).

8. It is undisputed that although Plaintiff concluded that the Defendant failed to note her presence on the roadway, Plaintiff nevertheless continued across Defendant's path attempting to access the eastbound lane of Mariners Road.

## Argument

### I. The Plaintiff was contributorily negligent as a matter of law

The plaintiff admits to operating her bicycle in a manner in violation of Maryland statute and should therefore be found contributorily negligent as a matter of law. The plaintiff admitted that she chose to proceed southbound in the northbound lanes of Crisfield Highway, in an obvious attempt to circumvent the normal and lawful traffic pattern on Crisfield Highway, in order to proceed eastbound on Mariners Road. There can be no other conclusion than had the plaintiff followed the normal and lawful traffic pattern the collision between the defendant's automobile and her bicycle would not have occurred. It is the plaintiff's contributory negligence that is the proximate cause of the plaintiff's injuries and not the alleged negligence of the defendant. Therefore, the defendant respectfully preys this honorable court to grant his Motion for Summary Judgment.

### The Plaintiff Violated Md. Code Ann., Transp., § 21-1205(a),

Md. Code Ann., Transp., §21-1205(a) quite unmistakably requires that bicycles be operated on 'the right side of the road'. §21-1205(a) states in pertinent part that "each person operating a bicycle on a roadway shall ride as near to the right side of the roadway as practicable

and safe." Exceptions to that rule are limited to "(1) when making or attempting to make a left turn; (2) when operating on a one way street; and (3) when passing a stopped or slower moving vehicle". Those exceptions are inapplicable in this case. The roadway in question, Crisfield Highway, is not a one way street but is a four-lane divided roadway. Additionally, the plaintiff admitted that her purpose for traveling against the flow of traffic was to "make a left onto Mariners Road", (see Exhibit A, pages 11 and 12) not to pass any other vehicles. And for the reasons that follow, the fact that the plaintiff intended to turn left on Mariners Road cannot be considered an exception because that act, when considered within the context of the indisputable facts in this case, is itself a violation of Maryland's rules of the road.

*The Plaintiff Violated Md. Code Ann., Transp., §21-301(a) & (c)*

The plaintiff admits that she traveled southbound for some distance on northbound Crisfield Highway, against the flow of vehicular traffic, with the admitted purpose of eventually turning left and proceeding eastbound on Mariners Road (see Exhibit A). Those actions cannot fall within the exceptions permitted by §21-1205(a) because they violate Maryland's rules of the road. Those rules are equally applicable to all vehicles travelling on Maryland roadways **including bicyclists** pursuant to Md. Code Ann., Transp. §21-1202, see also *Billings v. Shaw*, 247 Md. 335, 231 A.2d 12 (1967). Maryland's rules of the road require that vehicles be operated on the right side of the road, see Md. Code Ann., Transp., §21-301(a). Furthermore, Md. Code Ann., Transp., §21-301(c), pertinent to roadways with four or more lanes and two way movement of traffic, specifically prohibits vehicles from traveling "left of the centerline of the roadway". Exceptions are limited to (i) where such movement is authorized by a traffic control device or (ii) when an obstruction in the roadway requires evasive movement across the center of the roadway. It cannot be disputed that Crisfield Highway, at its intersection with Mariners

Road, possesses no such traffic control device. Furthermore, by her own admission, the plaintiff's sole purpose for traveling left of the centerline against vehicular traffic was not to evade an obstruction but to access Mariners Road. Reasonable minds can conclude only that the plaintiff's actions were a violation of §21-301(a) &(c).

### *The Plaintiff Violated Md. Code Ann., Transp., §21-309(b)*

In addition to violating the rule(s) stated above, the Plaintiff admittedly operated her bicycle in violation of Md. Code Ann., Transp., §21-309(b). That rule, pertinent to driving on laned roadways, requires vehicles to be "driven as nearly as practicable entirely within a single lane and may not be moved from that lane *or moved from a shoulder or bikeway into a lane until the driver has determined that is safe to do so.*" When the plaintiff approached the Mariners Road intersection, with the intent of crossing the defendant's path to turn left onto eastbound Mariners Road, she did so with the knowledge and understanding that the defendant was absolutely unaware of her presence on the roadway. The plaintiff unequivocally states in her deposition that the defendant ".. never looked" (see exhibit A, page 11) and was " .. only looking to the left" (see exhibit A, pages 12 - 13). The plaintiff nevertheless continued to cross defendant's path, (see exhibit A pages 11, 12 and 13). Reasonable minds could only conclude that such conduct, especially when armed with the knowledge that the defendant "never looked", would be unsafe and possibly deadly. Such minds could therefore only conclude that the plaintiff's actions constitute a violation of §21-309(b).

### *Longie v. Exline, 659 F.Supp. 177, 181 (1987)*

This honorable court has already decided this very same issue in *Longie v. Exline,* 659 F.Supp. 177, 181 (1987). In that case, this very court granted the defendant's motion for summary judgement when it concluded that "there could be no clearer violation of this statute

(Judge Smalkin referring to Md. Code Ann., Transp., §21-1205) than travelling northbound in the southbound bus lane of coastal highway". In *Longie* the plaintiff(s) were travelling northbound in the southbound bus lane of Coastal Highway in Ocean City Maryland when they were struck by the defendant who was attempting to make a right hand turn onto Coastal Highway from 120th Street. This court stated that "the reason for requiring right-hand bicycle operation is to have these machines go with, not against, the flow of vehicular traffic", *Longie*, 182. This court also stated that "one making a right turn on red is not reasonably chargeable with expecting **counter-flowing traffic in the path of his turn**," id. This court ultimately ruled that these circumstances entitled the defendant to summary judgement as a matter of law.

## Conclusion

By plaintiff's own admission she was operating her bicycle in violation of §21-1205(a), §21-301(a) & (c), and §21-309(b). Reasonable minds can conclude only that if the plaintiff had followed those rules of the road the ensuing collision would not have occurred and the plaintiff would not have sustained her complained of injuries. As this court concluded in *Longie*, when such conduct is the proximate cause of the injuries complained of, the defendant should be entitled to summary judgment as a matter of law.

Respectfully Submitted,

Edward P. Murphy, Trial Bar No. 751
Allewalt & Murphy, P.A
305 West Pennsylvania Avenue
Towson, Maryland 21204
(410) 296-7180
Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17 day of July, 2003, a copy of the forgoing Motion for Summary Judgment was mailed to:

David B. Love, Esquire
201 North Charles Street
Suite 1100
Baltimore, Maryland 21201
Attorney for Plaintiff

*Edward P. Murphy*
Edward P. Murphy, Trial Bar No. 751
Allewalt & Murphy, P.A
305 West Pennsylvania Avenue
Towson, Maryland 21204
(410) 296-7180
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TROELLA A. TYZNIK | * | |
| Plaintiff | * | CASE NO.: WDQ 02-2831 |
| V. | * | |
| FREDERICK NELSON III | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

The Defendant's Motion for Summary Judgment having been considered, it is this

_____ day of _____, 2003, by the United States District Court for the District of Maryland,

ORDERED that the Defendants Motion for Summary Judgment be and same is hereby

GRANTED.

 

 

_____
The Honorable William D. Quarles
U.S. District Court for Maryland