IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TROELLA A. TYZNIK          *

    Plaintiff          *

        v.          *   CASE NO.: WDQ 02-2831

FREDERICK NELSON III          *

    Defendant          *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OF LAW IN OPPOSITION TO**

**DEFENDANT'S AMENDED MOTION FOR SUMMARY JUDGEMENT**

The Plaintiff, Troella Tyznik, through her attorney, David B. Love, P.A., files this memorandum of law in opposition to Defendant's Amended Motion for Summary Judgment.

    I.    **SUMMARY JUDGMENT STANDARD**

Summary judgment is only proper if the evidence before the court, consisting of the pleadings, depositions, answers to interrogatories, and admissions of record, establish that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Defendants who move for summary judgment have the burden of establishing that no genuine issue of material fact exists and that they are entitled to judgment as a matter of law.

In Anderson v. Liberty Lobby Inc., the court held that the standard for granting summary judgment pursuant to Rule 56 is the same as that for granting a directed verdict under Rule 50. The court explained the standard as follows:

> [T]he judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair minded jury could return a verdict for the plaintiff on the evidence presented.

Anderson, 477 U.S. 242, 249-50 (1986).

All disputed facts are viewed in a light most favorable to the non moving party. Id.

With these standards in mind, the motion and alleged facts asserted by Defendant, as well as those asserted by Plaintiff, must be examined.

    II.    **CHOICE OF LAW**

"In a diversity case, a federal court applies the choice of law rules of the state in which it sits. Maryland law follows the rule of *lex loci delicti* under which a court should apply the substantive tort law of the state where the wrong occurred." Nugent v. Curry, 908 F. Supp. 309, 311-312 1995).  Consequently, this Court should apply Maryland substantive law since this diversity case arises from a collision which occurred in Crisfield, Maryland.

### III.   FACTS

Plaintiff takes issue with the representation of facts asserted by Defendant in his Amended Motion for Summary Judgment.  Plaintiff's version of the events is as follows:

This case arises out of an accident that occurred on August 25, 2001, at approximately 11:55 a.m., involving Plaintiff's bicycle and an automobile operated by Defendant.  The collision occurred directly north of the intersection of northbound Crisfield Highway and Mariners Road.  In this area, Crisfield Highway is a four lane road with two southbound lanes and two northbound lanes.  It is divided by a raised grass and shrubbery median approximately 37 feet wide.  Only northbound Crisfield Highway can be accessed from Mariners Road.  The northbound lane of Crisfield Highway is designated as a one-way street with a sign posted directly above the stop sign on westbound Mariners Road and another sign posted on the median of Crisfield Highway at its intersection with Mariners Road.  The median prevents vehicles from accessing Mariners Road from southbound Crisfield Highway.  A vehicle desiring to travel onto eastbound Mariners Road must make a U-turn at Ritchie Boulevard, where there is a break in the median, approximately 570 feet further south, on Crisfield Highway.  Northbound Crisfield Highway has a clearly designated shoulder that begins north of its intersection with Mariners Road.  Southbound Crisfield Highway has no shoulder at all. (See Wills Aff.; Exh. 1.)

Plaintiff is a 56 year old woman who operates a bed and breakfast in Crisfield, Maryland.  (Pl. Interrogatory Ans. ¶ 1, 15; Exh. 2.)  On August 25, 2001, at approximately 11:45 a.m. she traveled to a nearby store on her bicycle to purchase soda for her customers. (Pl. Interrogatory Ans. ¶ 23; Exh. 2.)  On her way to the store, Plaintiff passed the Defendant's vehicle which was stopped on Mariners Road at Crisfield Highway. (Pl. Aff. ¶ 2; Exh. 3.)

On her way back, Plaintiff was struck by Defendant as he made a right turn from Mariners Road

and drove onto the shoulder of Crisfield Highway. (Pl. Dep. at 11-12; Exh. 4.) It is undisputed that the collision occurred on the clearly defined shoulder of northbound Crisfield Highway, out of the travel portion of the roadway. (Def. Dep. at 22; Exh. 5.) Plaintiff's intention was to turn left onto Mariners Road before reaching Defendant's vehicle. (Pl. Aff. ¶ 4; Exh. 3.) Defendant was looking to his left, and never looked to his right before driving onto the shoulder of the roadway. (Pl. Dep. at 11-13; Exh. 4.) In fact, Defendant never saw Plaintiff until Defendant struck Plaintiff with his car. (Def. Dep. at 20-21; Exh. 5.) As a result of the collision Plaintiff suffered serious and life altering injuries. (Pl. Dep. at 17-49; Exh. 4.)

    IV.    **ARGUMENTS**

    1.    **Summary Judgment is inappropriate in this case.**
           A.    **Genuine disputes of material facts exist.**

There are several material facts as to which a genuine dispute exists, making summary judgment, in this case, inappropriate.

Plaintiff denies Defendant's assertions that Plaintiff, by her own admission, "crossed directly in front of the Defendant's vehicle in an attempt to access eastbound Mariners Road." Plaintiff never stated that it was her intention to cross in front of Defendant's vehicle before turning onto Mariners Road. Instead, her intent was to turn onto Mariners Road before reaching Defendant's vehicle. (Pl. Aff. ¶ 4; Exh. 3.) However, before she could do this, Defendant drove onto the clearly marked shoulder of the roadway without excuse or justification and struck her. The Defendant confirms that Plaintiff was on the shoulder of the road at the time of the collision.

> **Question**: Okay. Is there a shoulder on 413[1]?
> **Answer**: Yes.
> **Question**: And Ms. Tyznik at the time of the collision was on the shoulder of the road?
> **Answer**: Yes.

(Def. Dep. at 22.) Defendant's actions in making an improper turn and driving onto the shoulder of the road were clear violations of Md. Code Ann. Transp., § 21-309(b), which requires a vehicle to be driven

---

[1]Route 413 is synonymous with Crisfield Highway.

within a single lane of the roadway and not on the shoulder.

### B. Plaintiff was not contributorily negligent.

Defendant asserts that Plaintiff was contributorily negligent because she violated Md. Code Ann. Transp., § 21-1205(a), § 21-301(a) & (c), and § 21-309(b). These claims made by the Defendant shall be addressed in turn to demonstrate that Plaintiff did not violate any Maryland Transportation statutes and that she was not contributorily negligent.

A Plaintiff is contributorily negligent when her actions do not meet the standards necessary for her own protection and together with the Defendant's negligence, Plaintiff's actions legally contribute to her own injuries. The standard of care that a person must utilize in order to protect herself is that of a reasonable person under like circumstances. Kassama v. Magat, 368 Md. 113, 127, 792 A.2d 1102, 1110 (2002). "The reasonable man's conduct is to be judged in light of all the relevant knowledge which the person actually then had." Craig v. Greenbelt Consumer Services, Inc., 244 Md. 95, 97, 222 A.2d 836, 837 (1966).

In determining whether a Plaintiff is "guilty of contributory negligence as a matter of law is that the act so relied on must be distinct prominent and decisive, and one about which reasonable minds would not differ in declaring it to be negligent." Miller v. Mullenix, 227 Md. 229, 232, 176 A.2d 203, 204 (1961). Moreover, the Court of Appeals of Maryland has held that "the mere violation of a statute or rule of the road is not evidence of negligence unless such violation is the proximate cause of the injuries sued for." U.S. Fidelity & Guaranty Co. v. Continental Baking Co., 172 Md. 24, 27, 190 A. 768, 770 (1937). Even when the Plaintiff's actions are the result of an error of judgment, this alone "does not make the act negligent if an ordinarily prudent person would have made what proves to have been the same error." Sanders v. Williams, 209 Md. 149, 153, 120 A.2d 397, 399 (1956). As always, the "Defendant has the burden of establishing contributory negligence on the part of a Plaintiff." Atlantic Mutual Ins. Co. v. Kenney, 323 Md. 116, 135, 591 A.2d 507, 516 (1991).

Here, Plaintiff was riding her bicycle within the designated shoulder of northbound Crisfield Highway, outside the travel portion of the roadway. Md. Code Ann. Transp., § 21-101(m) defines a shoulder as "that portion of a highway contiguous with the roadway for the accommodation of stopped

vehicles and for emergency use."  Under subsection (l)(1)(i) of the same statute, a bicycle way is defined as "any trail, path, part of a highway, surfaced or *smooth shoulder*, or sidewalk."  [Emphasis added].  While it was legal for Plaintiff to be riding her bicycle on the smooth shoulder of Crisfield Highway, it was illegal for Defendant to drive onto the shoulder, without looking, as he was turning onto Crisfield Highway.  The mere presence of Plaintiff, on that shoulder, was not a distinct, prominent, and decisive action.  This action did not cooperate with Defendant's negligence in causing Plaintiff's injuries.

Plaintiff exercised a standard of care that a reasonable person would have under similar circumstances.  It was because of Plaintiff's desire to protect herself that she traveled south on northbound Crisfield Highway to turn onto Mariners Road.  Plaintiff believed that it was much safer to take this course of action than the alternative, which required her to cross Crisfield Highway, travel south on a roadway without a shoulder, cross Crisfield Highway again, and travel north to turn right onto Mariners Road, all in heavy traffic.

    **2.**    **Plaintiff did not violate Md. Transportation Code.**

        **A.**    **Md. Code Ann. Transp. § 21-1205(a)**

The primary statute controlling the operation of bicycles on Maryland roadways is Md. Code Ann. Transp., § 21-1205.  Section (a) states that a person "operating a bicycle on a roadway shall ride as near to the right side of the roadway as practicable and safe."  On the date of the accident, several factors made it both impracticable and unsafe for Plaintiff to ride her bicycle any further to the right side of Crisfield Highway.  Plaintiff was traveling on Crisfield Highway near its intersection with Mariners Road.  As described above, this section of Crisfield Highway is a four lane roadway with a raised grass and shrubbery median separating the two northbound lanes from the two southbound lanes. (Wills Aff. ¶ 5; Exh. 1.)  Both the Plaintiff and Defendant agree that traffic was very heavy on both sides of Crisfield Highway. (Def. Dep. at 17; Exh. 5.)

Plaintiff traveled approximately 650 feet from the store to Mariners Road.  (Wills Aff. ¶ 6; Exh. 1.) She rode her bicycle south on the clearly marked shoulder of northbound Crisfield Highway.  Plaintiff's intention was to turn onto Mariners Road before reaching Defendant's automobile. (Pl. Aff. ¶ 4; Exh. 3.) Her only alternative course of action would have been to take a route which was neither practicable nor

safe. From the store she departed, Plaintiff would have had to cross three lanes of heavy traffic coming in both directions with her bicycle; travel approximately 1,220 feet south on southbound Crisfield Highway, which has no shoulder, in heavy traffic; cross four lanes of heavy traffic coming in both directions, with her bicycle; and then travel approximately 570 feet north on northbound Crisfield Highway to turn right onto Mariners Road. (Wills Aff. ¶¶ 6-7, Exh. 1.) During her deposition, Plaintiff testified that she had considered taking this alternate route but decided that it would be too dangerous to do so.

> **Question**: "How long had you been driving on the shoulder of 413 (Crisfield Highway)?"
>
> **Answer**: "I have to go back. I was at the liquor store to buy sodas. I went up on the road, so I can cross to go with the northbound traffic going south, but the traffic was very heavy both ways. I would have put myself in great harm and it was not possible. It was not safe to cross 413 with both traffic going from south to north and from north to south. So, I rode my bicycle through the parking lot of some business, then I came to a point, I couldn't any longer ride my bike. I went up on the main road, which is a very short distance, where there was a profound shoulder which keeps me away from any harm of any traffic."

(Pl. Depo. at 13-14, Exh. 4.) Consequently, it would have been much safer and more practicable for Plaintiff to travel approximately 650 feet south on the shoulder of northbound Crisfield Highway and make a left turn onto Mariners Road, which is what Plaintiff attempted to do. (Wills Aff. ¶ 6, Exh. 1.)

    **B.**    **Md. Code Ann. Transp., § 21-301(a), (c).**

Defendant argues that Plaintiff violated Md. Code Ann. Transp., § 21-301(a), (c). Generally, this statute deals with driving on the right side of the roadway and section (a) of this statute states, "on every roadway that is wide enough, a vehicle shall be driven on the right half of the roadway." This statute does not control in this case because Md. Code Ann. Transp., § 21-1205(a) deals specifically with bicycles riding to the right side of the roadway when being operated on highways.

Section (c) of this statute deals with vehicles crossing the centerline of the roadway on a roadway with four or more lanes and two-way movement of traffic. This section is inapplicable in the present case because Plaintiff never crossed over the centerline of the roadway. Consequently, Defendant has mistakenly relied upon § 21-301(a) and (c).

    **C.**    **Md. Code Ann. Transp., § 21-309(b).**

In his Amended Motion for Summary Judgment, Defendant also argues that Plaintiff violated Md.

6

Code Ann. Transp., § 21-309(b). This section states that a vehicle may not be "moved from a shoulder or bikeway into a lane until the driver has determined that it is safe to do so." This statute has no relevance to the present case because Plaintiff never "moved from a shoulder or bikeway into another lane." From the time Plaintiff entered the shoulder of northbound Crisfield Highway, until the time she was struck by Defendant's vehicle, Plaintiff remained within the confines of the painted lines of the clearly designated highway shoulder. (Pl. Aff. ¶ 3; Exh. 3.)

    **D.**    **Plaintiff's case is distinguishable from <u>LONGIE v. EXLINE</u>, 659 F.Supp. 177 (1987).**

Defendant's reliance upon <u>Longie v. Exline</u> is misplaced. The Plaintiffs in <u>Longie</u> were traveling on a tandem bicycle, in the wrong direction, in a bus lane, not a bicycle way, and offered no justification for their actions. It was not a violation of the Transportation Code for Defendant in <u>Longie</u> to turn onto and travel the bus lane of Coastal Highway. However, it was a violation for the Defendant, in this case, to drive on the shoulder of Crisfield Highway, which is reserved for "for the accommodation of stopped vehicles and for emergency use." *Md. Code Ann. Transp.*, § 21-101(m); and also for use by bicyclists as a bicycle way pursuant to *Md. Code Ann. Transp.*, § 21-101(l)(1)(i).

Moreover, the Plaintiffs in <u>Longie</u> offered "no justification at all for traveling northbound in the southbound lane." They did not ever represent that they were riding their bicycle as near to the right side of the roadway in compliance with *Md. Code Ann. Transp.*, § 21-1205(a). In this case, Plaintiff traveled south on northbound Crisfield Highway because she wanted to take the route that she believed was as near to the right side of the roadway while also being the safest and most practicable. Taking the only alternate route (discussed above) or riding any closer to the right side of Crisfield Highway would have put her in greater harm and would not have been safe or practicable. (Pl. Dep. at 14; Exh. 4.)

    V.    **Conclusion**

Defendant has not met his burden of establishing that no genuine dispute of material facts exist, or that he is entitled to judgment as a matter of law. Given Plaintiff's circumstances, her knowledge at the time, and her desire to keep herself safe, Plaintiff acted reasonably and with consideration. She was as close as practicable and safe to the right side of Crisfield Highway. Her actions cannot be considered negligent as a matter of law. This case should be presented to a jury, for a trial on the merits.

    Respectfully submitted,

*David B. Love*

|  |  |
|---|---|
| Suite 1100 | David B. Love<br>DAVID B. LOVE, P.A.<br>201 North Charles St.<br><br>Baltimore, Maryland 21201<br>(410)547-5520<br><br>Attorney for Plaintiff |

**REQUEST FOR HEARING**

Plaintiff, Troella Tyznik, by and through her attorney, David B. Love, P.A., requests a hearing on Defendant's Amended Motion for Summary Judgment, unless this Honorable Court deems it appropriate to deny that Motion without the necessity of a hearing.

|  |  |
|---|---|
|  | Respectfully submitted,<br><br>*David B. Love*<br>David B. Love<br>DAVID B. LOVE, P.A.<br>201 North Charles St. |
| Suite 1100 | Baltimore, Maryland 21201<br>(410)547-5520<br><br>Attorney for Plaintiff |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| TROELLA A. TYZNIK | * |
| Plaintiff | * |
| v. | *  CASE NO.: WDQ 02-2831 |
| FREDERICK NELSON III | * |
| Defendant | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 4th day of August, 2003, a copy of the forgoing Memorandum of Law in Opposition to Defendant's Amended Motion for Summary Judgment was mailed first class, postage prepaid to:
Edward P. Murphy, Esq.
Law Offices of Allewalt & Murphy, P.A.
305 W. Pennsylvania Avenue
Towson, Maryland  21204-4413

Respectfully submitted,

*David B. Love*

David B. Love
DAVID B. LOVE, P.A.
201 North Charles St.
Suite 1100
Baltimore, Maryland 21201
(410)547-5520

Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| TROELLA A. TYZNIK | * | |
| Plaintiff | * | |
| v. | * | CASE NO.: WDQ 02-2831 |
| FREDERICK NELSON III | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **ORDER**

The Defendant's Motion for Summary Judgment having been considered, it is this _____ day of _____, 2003, by the United States District Court for the District of Maryland, hereby

ORDERED that the Defendant's Motion for Summary Judgment be and the same is hereby DENIED.

_____
The Honorable William D. Quarles
U.S. District Court for Maryland