**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**Southern Division**

| | | |
|---|---|---|
| **TROELLA A. TYZNIK,** | : | |
| Plaintiff | : | |
| v. | : | Case No.:  S02CV2831 |
| **FREDERICK NELSON, III,** | : | |
| Defendant. | : | |

**PLAINTIFF'S UNCONSENTED MOTION TO CONTINUE TRIAL AND REOPEN DISCOVERY ON DAMAGES**

Plaintiff Troella A. Tyznik, by and through undersigned counsel, hereby respectfully moves this Honorable Court for a brief continuance of the current trial date of September 13, 2004. The Plaintiff also moves the Court to briefly reopen discovery on damages in the above-captioned matter. In support thereof, the Plaintiff states that her former attorney, David B. Love, did not have actual authority to enter into the agreement with Defendant to stipulate to damages and conduct a liability only trial in this matter.

In further support, the Plaintiff respectfully refers the Court to the attached Memorandum of Points and Authorities.

                                                  Respectfully submitted,

                                                  REGAN, HALPERIN & LONG, P.L.L.C

By: _____/s/_____
Jonathan Halperin #HA0123
Thanos Basdekis #15228
1919 M Street, NW, Suite 350
Washington, DC  20036
PH:  (202) 463-3030

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Plaintiff's Unconsented Motion to Continue Trial and Reopen Discovery on Damages was filed electronically on this 13th day of August, 2004, with copies to opposing counsel of record.

_____/s/_____
Thanos Basdekis

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Southern Division

TROELLA A. TYZNIK,            :

    Plaintiff            :

    v.            :            Case No.:  S02CV2831

FREDERICK NELSON, III,            :

    Defendant.            :

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S UNCONSENTED MOTION TO CONTINUE TRIAL AND REOPEN DISCOVERY

Plaintiff Troella A. Tyznik, by and through undersigned counsel, hereby respectfully submits this Memorandum of Points and Authorities in support of her Unconsented Motion to Continue Trial and Reopen Discovery. More specifically, the Plaintiff moves this Honorable Court for a brief continuance of the current trial date of September 13, 2004, and also moves the Court to briefly reopen discovery on damages in the above-captioned matter.

In support thereof, the Plaintiff states that her former attorney, David B. Love, did not have actual authority to enter into the agreement with Defendant to stipulate to damages and conduct a liability only trial in this matter. In further support thereof, the Plaintiff respectfully states as follows:

### BACKGROUND

This case arises out of an accident in which Plaintiff Troella Tyznik, while riding lawfully on her bike, was struck by an automobile driven by Defendant Frederick Nelson.

The Plaintiff suffered severe injuries, many of them permanent in nature, and she has undergone surgeries and painful rehabilitation. Plaintiff's medical expenses alone are believed to be in excess of $65,000.00. By any objective measure, this is a case involving substantial damages.

## **DISCUSSION**

At the outset of this case, Plaintiff was represented by David B. Love, Esquire. (See Declaration of Troella Tyznik, ¶ 2, attached as Ex. A.) In February 2004, Ms. Tyznik discharged Mr. Love for cause and retained Jonathan E. Halperin, Thanos Basdekis, and the law firm of Regan, Halperin & Long, PLLC as her attorneys. (See Declaration of Troella Tyznik, ¶ 2, attached as Ex. A.)

During Mr. Love's representation of Ms. Tyznik, the Plaintiff was repeatedly told, including in December 2003, by her then-attorney Mr. Love that the only available insurance coverage in this case was One Hundred Thousand Dollars ($100,000.00) from Defendant's automobile insurance policy and that as a result, she could never recover more than that amount in her case. (See Declaration of Troella Tyznik, ¶ 3, attached as Ex. A.)

Moreover, Mr. Love never advised the Plaintiff that additional insurance coverage was available in the amount of Three Hundred Thousand Dollars ($300,000.00) through her own UM/UIM automobile insurance coverage in existence at the time of the accident. Plaintiff also never knowingly waived her ability to obtain that potential extra amount of damages since she was never advised that such money could be applicable to this case. (See Declaration of Troella Tyznik, ¶ 4, attached as Ex. A.)

If Ms. Tyznik had known about the availability of this extra coverage, she would not have agreed to cap damages at One Hundred Thousand Dollars ($100,000.00). (See Declaration of Troella Tyznik, ¶ 5, attached as Ex. A.) Her agreement to do that was based on the express statements by counsel, Mr. Love, that $100,000.00 was the only available coverage in this case. (See Declaration of Troella Tyznik, ¶ 5, attached as Ex. A.)

Mr. Love also never advised the Plaintiff what the total amount of her medical expenses were in this case. (See Declaration of Troella Tyznik, ¶ 6, attached as Ex. A.) He likewise never told Ms. Tyznik how much of that was covered by insurance, and if so, what liens may or may not exist with regard to those expenses and insurance payments. (See Declaration of Troella Tyznik, ¶ 6, attached as Ex. A.)

Since discharging Mr. Love, the Plaintiff has discovered that her medical expenses are at least $65,000 and in all likelihood, significantly higher. (See Declaration of Troella Tyznik, ¶ 7, attached as Ex. A.)  Accordingly, when combined with the payment of a potential attorneys' fee in this case, there is a strong likelihood that Plaintiff will not recover any money for herself even if she does prevail on the issue of liability. Mr. Love never advised Plaintiff of this situation. If she had known that, she "certainly would not have agreed to cap damages at the amount of $100,000.00." (See Declaration of Troella Tyznik, ¶ 7, attached as Ex. A.)

In light of the foregoing, it is clear that Plaintiff's former attorney, David Love, did not have actual authority to enter into the agreement he did to stipulate to damages and conduct a liability only trial in this matter. Thus, in order to avoid clear prejudice to the Plaintiff, and with there being no possibility of prejudice to Defendant, the Plaintiff

respectfully moves the Court for a brief continuance of the trial date and for a brief opening of discovery for purposes of conducting additional discovery on the issue of damages.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that, good cause having been shown, the Court grant a continuance of trial and reopen discovery on damages in the above matter.

                                                  Respectfully submitted,

                                                  REGAN, HALPERIN & LONG, P.L.L.C

By       _____/s/_____
          Jonathan E. Halperin #HA0123
          Thanos Basdekis #15228
          1919 M Street, NW, Suite 350
          Washington, DC  20036
          PH:  (202) 463-3030

          Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

**Southern Division**

| | |
|---|---|
| **TROELLA A. TYZNIK,** | : |
|     **Plaintiff** | : |
|     v. | :    Case No.:  S02CV2831 |
| **FREDERICK NELSON, III,** | : |
|     **Defendant.** | : |

**ORDER**

Upon consideration of the Plaintiffs' Unconsented Motion To Continue Trial and Reopen Discovery On Damages, and a review of the entire record herein, it is this _____ day of _____ 2004 hereby:

ORDERED that good cause exists to continue the above trial and to reopen discovery on damages; and it is further

ORDERED that the trial scheduled to commence on September 13, 2004 is hereby CONTINUED and is to be rescheduled at a later date; and it is further

ORDERED that the parties shall have 120 days from the date of this Order to conduct discovery on damages; and it is further

ORDERED that the parties shall provide a status report to the Court 10 days after the close of discovery.

SO ORDERED.

                                                                         _____
                                                                         United States District Court

cc:

Winn C. Friddell, Esquire
Bodie, Nagle, Dolina, Smith & Hobbs
21 West Susquehanna Ave.
Towson, MD  21204


Jonathan E. Halperin, Esquire
Thanos Basdekis, Esquire
Regan, Halperin & Long, PLLC
1919 M Street, NW, Suite 350
Washington, D.C. 20036