IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| TROELLA A. TYZNIK, | : | |
| Plaintiff | : | |
| v. | : | Case No.: S02CV2831 |
| FREDERICK NELSON, III, | : | |
| Defendant. | : | |

### DECLARATION OF TROELLA A. TYZNIK

I, Troella A. Tyznik, hereby depose and state as follows:

1. I am the named plaintiff in the above-captioned matter.

2. David B. Love, Esquire was my original attorney in this case. In February 2004, I discharged Mr. Love for cause and retained Jonathan E. Halperin, Thanos Basdekis, and the law firm of Regan, Halperin & Long, PLLC as my attorneys.

3. I was repeatedly told, including in December 2003, by my then-attorney Mr. Love that the only available insurance coverage in this case was One Hundred Thousand Dollars ($100,000.00) from Defendant's automobile insurance policy and that as a result, I could never recover more than that amount in my case.

4. Mr. Love never advised me that additional insurance coverage was

available in the amount of Three Hundred Thousand Dollars ($300,000.00) through my own UM/UIM automobile insurance coverage in existence at the time of the accident. I also never knowingly waived my ability to obtain that potential extra amount of damages since I was never advised that such money could be applicable to this case.

5. If I had known about the availability of this extra coverage, I would not have agreed to cap damages at One Hundred Thousand Dollars ($100,000.00). My agreement to do that was based on the express statements by counsel that $100,000.00 was the only available coverage in this case.

6. Mr. Love also never advised me what the total amount of my medical expenses were in this case. He likewise never told me how much of that was covered by insurance, and if so, what liens may or may not exist with regard to those expenses and insurance payments.

7. Since discharging Mr. Love, I have discovered that my medical expenses are at least $65,000 and in all likelihood, significantly higher. Accordingly, when combined with the payment of a potential attorneys' fee in this case, there is a strong likelihood that I will not recover any money for myself even if I do prevail on the issue of liability. Mr. Love never advised me of this situation. If I had known that, I certainly would not have agreed to cap damages at the amount of $100,000.00.

8. Further Declarant says not.

I HEREBY DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS ARE TRUE AND ACCURATE TO THE BEST OF MY KNOWLEDGE AND BELIEF AND AFTER CONDUCTING DILIGENT AND REASONABLE INVESTIGATION AND RESEARCH INTO THE MATTERS SET FORTH ABOVE.

August 13-04
Date

Troella A. Tyznik