IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TROELLA A. TYZNIK | * | |
| Plaintiff | * | |
| v | * | Civil No. S-02-2831 |
| FREDERICK NELSON, III | * | |
| Defendant | * | |

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
UNCONSENTED MOTION TO CONTINUE TRIAL
AND REOPEN DISCOVERY ON DAMAGES**

NOW COMES the Defendant, Frederick Nelson, III, by his attorneys, Winn C. Friddell and

Bodie, Nagle, Dolina, Smith & Hobbs, P.A., and states the following in opposition to Plaintiff's Motion:

1.   It is obvious from Plaintiff's Unconsented Motion to Continue Trial that there is no

dispute that Plaintiff's former attorney, David Love, Esquire, did enter into the agreement to stipulate to

damages and to conduct a liability only trial in this matter.  The fact that Plaintiff's former attorney,

David Love, Esquire, entered into this agreement in indicated in Plaintiff's Unconsented Motion.  The

Defendant also indicates that David Love, Esquire did enter into this agreement and attaches Exhibits

A, B and C referring to the discussions that led to this agreement.  These three documents also give

some indication of communication between the Plaintiff and her former attorney.

2.    New counsel for the Plaintiff now indicates that David Love, Esquire did not have

 the  authority to do so.  New counsel for the Plaintiff also attaches a self-serving declaration by the

Plaintiff which does not concur with the correspondence attached.

3. It is the Defendant's contention that the parties reached a binding agreement and 2that the Plaintiff, herself, was well aware of what the agreement meant, that there was a meeting of the minds and that she has since changed her mind and is attempting to breach the agreement.

4. Defendant prays that this Honorable Court conduct an emergency hearing on this motion and allow the Defendant to call David Love, Esquire, the former Plaintiff's attorney, to that hearing to testify to the Court as to exactly what his documentation and recollection reveal as to the understandings of the parties. Obviously, the testimony of David Love, Esquire is crucial in the Court's determination of whether or not there is a binding agreement. Without the testimony of David Love, Esquire and whatever documentation exists in his file, the Court would be getting a very lopsided view coming only from the Plaintiff, herself.

WHEREFORE, the Defendant prays that this Honorable Court deny Plaintiff's Unconsented Motion to Continue Trial and Reopen Discovery on Damages, or, in the alternative, order that there be a hearing on this Motion wherein the Court can hear testimony from the Plaintiff's former attorney, David Love, Esquire.

BODIE, NAGLE, DOLINA,
  SMITH & HOBBS, P.A.

_____
Winn Cullen Friddell
21 West Susquehanna Avenue
Towson, MD 21204
410-823-1250
Attorney for Defendant

## **CERTIFICATE OF SERVICES**

I HEREBY CERTIFY that a copy of the foregoing Defendant's Opposition to Plaintiff's

Unconsented Motion to Continue Trial and Reopen Discovery on Damages was filed electronically filed

on this 26th day of August, 2004, with copies to opposing counsel of record.

_____/s/_____

Winn Cullen Friddell

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TROELLA A. TYZNIK                           *

     Plaintiff                                 *

v                                           *      Civil No. S-02-2831

FREDERICK NELSON, III                       *

     Defendant                                 *

*    *    *    *    *    *    *    *    *    *    *    *    *

## ORDER

Upon consideration of the Defendant's Opposition to Plaintiff's Unconsented Motion to

Continue Trial and Reopen Discovery on Damages, and a review of the entire record herein, it is this

_____ day of _____, 2004 hereby:

ORDERED that Plaintiff's Unconsented Motion to Continue Trial and Reopen Discovery on

Damages is hereby DENIED;

OR, in the alternative,

ORDERED that a hearing be scheduled on the _____ day of _____, 2004 at _____

a.m./p.m. to hear testimony including testimony from David Love, Esquire as to the Plaintiff's

Unconsented Motion to Continue Trial and Reopen Discovery on Damages.

                                                   _____
                                                      Judge

cc:    Jonathan Halperin, Esquire
       Thanos Basdekis, Esquire
       Rgan, Halperin & Long, PLLC
       1919 M Street, N.W., Suite 350

Washington, DC 20036
Attorneys for Plaintiff

Winn Cullen Friddell, Esquire
Bodie, Nagle, Dolina, Smith & Hobbs, P.A.
21 West Susquehanna Avenue
Towson, Maryland 21204
Attorneys for Defendant