IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Southern Division

| | | |
|---|---|---|
| **TROELLA A. TYZNIK,** | : | |
| **Plaintiff** | : | |
| v. | : | Case No.: S02CV2831 |
| **FREDERICK NELSON, III,** | : | |
| **Defendant.** | : | |

## PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S UNCONSENTED MOTION TO CONTINUE TRIAL AND REOPEN DISCOVERY ON DAMAGES

Plaintiff Troella Tyznik, by and through undersigned counsel, hereby respectfully submits this Reply to the Defendant's Opposition to the Plaintiff's Unconsented Motion to Continue Trial and Reopen Discovery on Damages. In support thereof, Plaintiff respectfully states as follows:

1. In her moving papers, Plaintiff Troella Tyznik explained that her former attorney, David B. Love, did not have actual authority to enter into the agreement with Defendant to stipulate to damages and conduct a liability only trial in this matter.

2. The most telling aspect of Defendant's Opposition pleading is the conspicuous absence of any allegation of prejudice. That is, nowhere in Defendant's pleading (or its attachments) does Defendant even bother to allege that Defendant would suffer prejudice if Plaintiff's Motion were to be granted. A delay of several months in

1

conducting the trial would be immaterial since the accident at issue occurred in April 2001 and neither side has ever complained about any timing issues.[1]

3. Another telling aspect of Defendant's pleading is its failure to cite any case law. This is not surprising, however, in light of the fact that Maryland case law supports the Plaintiff's request to vacate the so-called "settlement agreement" in this case.

4. The majority rule, followed in Maryland and nearly every other jurisdiction, is clear that actual authority must exist in order for counsel to settle the Plaintiff's claims. See, e.g., 7 Am. Jur. 2d Attorneys at Law § 173 (2004) ("An attorney . . . has no implied power to compromise and settle a client's claim or cause of action."). As was summarized by the Maryland Court of Special Appeals with extensive citations to the governing case law in this jurisdiction:

> If counsel submit the proceedings to the court on behalf of their clients, they must have ***express authority*** to settle their clients' claims. Accrocco v. Splawn, 264 Md. 527, 533, 287 A.2d 275 (1972); Posko v. Climatic Control Corp., 198 Md. 578, 583, 84 A.2d 906 (1951); Kinkaid v. Cessna, 49 Md. App. 18, 22, 430 A.2d 88 (1981). There is a *prima facie* presumption in Maryland "that an attorney has authority to bind his client by his actions relating to the conduct of litigation." Kinkaid v. Cessna, supra. ***This jurisdiction, however, has declined to extend that presumption to the settlement of a lawsuit.*** Id. Moreover, the party seeking to enforce a settlement order must prove: (1) that the other party's counsel acted with the authority of his client; and (2) that such authority expressly extended to the settlement of the claim. Kinkaid v. Cessna, 49 Md. App. at 23, 430 A.2d 88.

---

[1] Moreover, if Plaintiff's request to reopen damages were to be granted, any judgment in excess of $100,000.00 would be paid by Plaintiff's own UIM insurance carrier (State Farm), not by Defendant or Defendant's insurance carrier (Allstate), assuming quite reasonably that the UIM carrier follows its normal and customary practice of waiving subrogation in such circumstances. Accordingly, there is no colorable allegation of prejudice in opposition to Plaintiff's Motion.

2

Mitchell Properties, Inc. v. Real Estate Title Co., 62 Md. App. 473, 483, 490 A.2d 271 (1985) (emphasis added).

5.  In this case, it is the Defendant who seeks to enforce the alleged settlement. Thus, Defendant bears the burden of proof to demonstrate that attorney David D. Love, Plaintiff's former counsel, acted with actual authority. In light of Plaintiff's Affidavit, however, Defendant cannot meet that burden since no actual authority to settle existed in this case. In light of the foregoing, this Court should grant the Plaintiff's Motion in its entirety. See, e.g., Kinkaid v. Cessna, 49 Md. App. at 24 (affirming order denying motion to enforce settlement, and stating that parties seeking to enforce settlement who "presented no evidence [of express authority] . . . did not sustain their burden of proof").

6.  The only party who could possibly be prejudiced here is Plaintiff, who, under the "deal" struck by Plaintiff's former counsel, would recover nothing. As explained in detail in Plaintiff's moving papers, Plaintiff in all likelihood will not recover a single dollar even if she wins the case and a verdict of $100,000.00 is entered. **It strains credulity to believe that any Plaintiff would agree to such a deal, especially when several hundred thousand dollars of insurance coverage was and still is available pursuant to Plaintiff's own automobile insurance policy.** Accordingly, the only beneficiary of this prejudice to Plaintiff would be Plaintiff's own UIM insurance carrier, State Farm, which collected premiums from Plaintiff but which as things stand now will likely be insulated from ever having to pay a judgment because Plaintiff's former counsel was more interested in his own fees than he was in entering into a valid settlement agreement with actual authority from Plaintiff.

7.  Finally, in the event the Court is interested in holding an evidentiary hearing on this issue, Plaintiff's counsel would suggest holding it on September 13, 2004, the date already reserved for trial. The trial is expected to take only one to two days, and thus rescheduling it to a future date will present minimal to no difficulty to the Court or the parties. A failure to remedy the grave error infecting the "settlement agreement," however, will have a seriously prejudicial effect on the proceedings. Thus, in order to avoid the creation of error at the trial level, the Plaintiff suggests, in the alternative to granting the Plaintiff's Motion on the pleadings, that a full evidentiary hearing be held on September 13, 2004 in lieu of trial.

Respectfully submitted,

REGAN, HALPERIN & LONG, P.L.L.C

By: _____/s/_____
Jonathan Halperin #HA0123
Thanos Basdekis #15228
1919 M Street, NW, Suite 350
Washington, DC  20036
PH:  (202) 463-3030

Attorneys for Plaintiff Troella Tyznik

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Plaintiff's Reply to Defendant's Opposition to Plaintiff's Unconsented Motion to Continue Trial and Reopen Discovery on Damages was filed electronically on this 1st day of September, 2004, with copies to opposing counsel of record.

_____/s/_____
Thanos Basdekis